KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General
JAMES R. POTTER, State Bar No. 166992
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-2637
 Fax: (213) 897-2802
 E-mail: James.Potter@doj.ca.gov
*Attorneys for the California Department of Toxic Substances Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,**<br><br>Plaintiffs,<br><br>v.<br><br>**WORLD CLEANERS, INC., a California corporation; 538 WEST 5TH STREET, SAN PEDRO, INC., a California Corporation; and RICHARDS CLEANERS, INC. a dissolved California Corporation,**<br><br>Defendants. | Case No. 2:16-cv-6896<br><br>**COMPLAINT FOR RECOVERY OF RESPONSE COSTS, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF.**<br><br>(Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(g)(2), and California Health and Safety Code section 25383.3) |

Plaintiff, the California Department of Toxic Substances Control ("DTSC"), alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367, and under section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(b). This Court has jurisdiction over the subject matter of the

claims made under state law in this action under 28 U.S.C. § 1367(a) because those claims arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Complaint and are so closely related to the actions brought under federal law that they form part of the same case or controversy.

## VENUE

2. Venue is proper in this district under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the releases and threatened releases of hazardous substances into the environment that are at issue occurred in this judicial district.

## STATEMENT OF THE ACTION

3. DTSC makes a claim against Defendants World Cleaners, Inc. ("World Cleaners"), 538 West 5th Street, San Pedro, Inc. ("538 Inc.") and Richards Cleaners, Inc. ("Richards Cleaners") (collectively "Defendants") under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for the recovery of costs and interest on such costs that DTSC has incurred taking actions in response to releases or threatened releases of hazardous substances at, beneath and/or from the property at 538 West 5th Street, in Los Angeles, Los Angeles County, California, identified as Assessor's Parcel Number 7451-027-004 (the "Property"). The Property and the areal extent of the hazardous substances contamination that is, or has been, present at or has extended from the property, are referred to herein as "the Site."

4. DTSC also makes a claim against Defendants under 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), for a declaratory judgment that each is jointly and severally liable to DTSC for future response costs incurred by DTSC in responding to releases and threatened releases of hazardous substances at, beneath, and/or from the Site.

5. DTSC also seeks injunctive relief against World Cleaners and 538, Inc. under California Health and Safety Code section 25358.3 for abatement of an imminent and substantial endangerment to the public health or welfare or to the environment, including compliance with a remedial action order issued by DTSC.

## PLAINTIFF

6. DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code sections 58000, *et seq*. and is part of the California Environmental Protection Agency ("Cal-EPA"). DTSC has authority under state law to determine whether there has been a release and/or threatened release of hazardous substances into the environment and to respond to releases and/or threatened releases of hazardous substances into the environment. DTSC has authority under California Health and Safety Code section 25358.3 to seek abatement of any imminent or substantial endangerment to public health or welfare or to the environment.

## DEFENDANTS

7. Defendant World Cleaners is a California corporation. DTSC is informed and believes, and thereon alleges, that World Cleaners has its principal place of business in Los Angeles, California. Defendant World Cleaners is an "operator" of a "facility" as those terms are used in sections 107(a) of CERCLA, 42 U.S.C. §§ 9607(a).

8. Defendant 538, Inc. is a California corporation. DTSC is informed and believes, and thereon alleges, that 538, Inc. has its principal place of business in Los Angeles, California. Defendant 538, Inc. is an "owner" of a "facility" as those terms are used in sections 107(a) of CERCLA, 42 U.S.C. §§ 9607(a).

9. Defendant Richards Cleaners is a dissolved California corporation. DTSC is informed and believes, and thereon alleges, that Richards Cleaners had its principal place of business in Los Angeles, California. Defendant Richards Cleansers was an "owner" and/or "operator" of a "facility," as those terms are used in CERCLA section 107(a)(2), 42 U.S.C. § 9607(a)(2).

## BACKGROUND

10. Dry cleaning operations began on the Property early in the twentieth century. In or about 1949, Richards Cleaners was incorporated. Richards Cleaners operated a dry cleaning

business at the Property from roughly 1949 to 1981. For some or all of that time period, Richards Cleaners owned the Property.

11. DTSC is informed and believes and thereon alleges that Richards Cleaners used petroleum-based solvent and perchloroethylene ("PCE") as cleaning solvents in its dry cleaning operations on the Property.

12. DTSC is informed and believes and thereon alleges that between at least 1949 and 1961, Richards Cleaners stored hydrocarbon dry cleaning chemicals in underground tanks at the Property. In or about 1952, two such tanks were abandoned and filled with mud and one new underground tank was installed. In or about 1961, three underground tanks were abandoned and filled with mud.

13. In 1981, World Cleaners and 538, Inc. were each incorporated.

14. 538 Inc. purchased the Property in 1981 and is the current owner of the Property.

15. From approximately 1981 to the present, World Cleaners operated a dry cleaning business at the Property, utilizing PCE and other hazardous substances as dry-cleaning fluid. World Cleaners conducted business under the name "Richards Cleaners." In 1983, inspectors with the Los Angeles Department of Health Services observed that World Cleaners engaged in a practice of absorbing PCE from its dry cleaning operations with soil and then disposing the contaminated soil into trash at the Property.

16. In 2002, inspectors with the Los Angeles Department of Health Services observed that World Cleaners was storing PCE in open 5-gallon buckets.

17. During the period that World Cleaners operated the dry cleaning business, there were releases of hazardous substances to the ground at the Property. A report prepared by consultants working for World Cleaners states that on at least one occasion personnel at World Cleaners overfilled an aboveground storage tank causing the release of an unknown quantity of PCE into the underlying soils. The report also states that at the time World Cleaners operated on the Property, accidental spills occurred during the transfer of PCE from the aboveground tank to the dry cleaning machine, releasing several gallons of solvent to the concrete floor.

18. In January 2006, contractors engaged by World Cleaners demonstrated the presence of PCE and other hazardous substances in the soil at the Property

19. In August 2006, DTSC issued an "Order for Investigation" directing World Cleaners to conduct a preliminary endangerment assessment, including additional soil sampling, soil gas sampling and groundwater sampling. Consultants for World Cleaners conducted the Preliminary Endangerment Assessment under DTSC oversight.

20. In 2008, consultants employed by World Cleaners submitted the final Preliminary Endangerment Assessment to DTSC, finding that soil and groundwater at the Site had each been contaminated with PCE.

21. In November 2008, DTSC exercised its authority under Health and Safety Code section 25355.5 to issue a remedial action order ("2008 Remedial Action Order") to World Cleaners and Mr. Brian Sher ("Respondents"). The 2008 Remedial Action Order required Respondents to prepare a remedial investigation and feasibility study of hazardous substances contamination at the Property, to propose response actions that would remediate that contamination, and to implement the response actions subsequently approved by DTSC.

22. Respondents did not fully comply with the 2008 Remedial Action Order. World Cleaners conducted only a portion of the remedial investigation, did not complete the remedial investigation or the feasibility study and did not implement any remedial actions.

23. DTSC oversaw the remedial investigation at the Property and took other response actions at the Site and incurred response costs not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

24. DTSC's outstanding response costs related to the Site as of January 2016 are in excess of $200,000, exclusive of interest.

25. The Site remains contaminated with hazardous substances, and releases or threatened releases of hazardous substances from the Site into the environment may continue to occur.

26. DTSC expects to continue to incur additional response costs related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site.

**FIRST CLAIM FOR RELIEF**

(Claim for Recovery of Response Costs Pursuant to

Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))

(Against all Defendants)

27. DTSC incorporates the allegations in each of the preceding paragraphs as though fully set forth herein.

28. The Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

29. Each of the Defendants is a "person," within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

30. DTSC is a "state" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Under this section, DTSC may also recover interest on any response it costs incurred.

31. Each of the Defendants is an "owner" and/or "operator" of the Site, and/or was an "owner" and/or "operator" of the Site "at the time of disposal of any hazardous substance" there, as those terms are used in section 107(a)(1) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(1) and 9607(a)(2).

32. As a result of the release and/or threatened release of hazardous substances at, beneath, and/or from the Site, DTSC has responded to the release or threatened release of hazardous substances to the environment, and has incurred response costs, including the costs of oversight and enforcement costs, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

33. DTSC has incurred costs in responding to the release or threatened release of hazardous substances at or from the Site not inconsistent with applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

34. Each of the Defendants is jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for DTSC's costs incurred in response to the release or threatened release of hazardous substances at or from the Site.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief Pursuant to Section 113(g)(2) of

CERCLA, 42 U.S.C. § 9613(g)(2))

(Against All Defendants)

35. DTSC incorporates the allegations of each of the preceding paragraphs as though fully set forth herein.

36. DTSC has incurred and expects to continue to incur response costs related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site.

37. Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), DTSC is entitled to a declaratory judgment that each of the Defendants is jointly and severally liable in any subsequent action or actions by the DTSC to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the Site.

## THIRD CLAIM FOR RELIEF

(Injunctive Relief for Abatement of Imminent or Substantial Endangerment – California

Health and Safety Code section 25358.3)

(Against Defendants World Cleaners and 538, Inc.)

38. DTSC incorporates the allegations of each of the preceding paragraphs as though fully set forth herein.

39. California Health and Safety Code section 25358.3, subdivision (f) provides that upon the failure of any person to comply with any order issued under sections 25355.5, the director of DTSC may request the Attorney General to petition for the issuance of a temporary restraining order or preliminary or permanent injunction requiring that person to comply with the order.

40. California Health and Safety Code section 25358.3, subdivision (e) provides, in relevant part, that wherever "there is a release or threatened release of a hazardous substance, the

7

director may request the Attorney General to secure such relief as may be necessary from the responsible party or parties to abate the release or threatened release."

41. California Health and Safety Code section 25358.3, subdivision (g) provides that in any such action it "shall not be necessary to allege or prove at any stage of the proceeding that irreparable damage will occur should the temporary restraining order or the preliminary or permanent injunction not be issued, or that the remedy at law is inadequate; and the temporary restraining order or the preliminary or permanent injunction shall issue without those allegations and without that proof."

42. There is a release or threatened release of "hazardous substances," including PCE, at the Site, as that term is defined in California Health and Safety Code section 25316.

43. In accordance with Health and Safety Code section 25358.3, subdivisions (e) and (f), the director of DTSC has requested that the Attorney General secure the relief necessary to abate the danger or threat to the public health and safety and to the environment from the Site, including compliance with the 2008 Remedial Action Order.

44. Defendants are responsible parties within the meaning of Health and Safety Code section 25358.3.

45. Pursuant to Health and Safety Code sections 25358.3(e), (f), and (g), DTSC is entitled to preliminary and permanent injunctions requiring Defendants to comply with the 2008 Remedial Action Order and take such other actions as necessary to abate the release and threatened release of hazardous substances at the Site causing an imminent or substantial endangerment to the public health or welfare or to the environment.

## PRAYER FOR RELIEF

DTSC pray for relief as follows:

A. For a judgment that Defendants and each of them, are jointly and severally liable without regard to fault to DTSC under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all response costs incurred by DTSC as a result of the release and threatened release of hazardous substances from the Site, in an amount to be proven at trial;

B. For interest on the above sums from each Defendant as provided under section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

C. For a declaratory judgment that Defendants, and each of them, are jointly and severally liable without regard to fault to the DTSC under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), for all future response costs incurred by the DTSC as a result of the release and threatened release of hazardous substances at and/or from the Site;

D. For an injunction ordering Defendants to take action to abate the release or threatened release of hazardous substances from the Site, including by complying with the 2008 Remedial Action Order;

E. For all other relief the Court deems just and appropriate.

Dated: September 13, 2016    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General

/s/ JAMES R. POTTER

JAMES R. POTTER
Deputy Attorney General
*Attorneys for the California Department of Toxic Substances Control*